DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE *v.* GORDON

1. Automobiles—Ownership—Evidence—Burden of Proof—Presumption—Negligence.

Plaintiff seeking to recover for damage done to his automobile by an automobile owned by defendant has the burden of proving that defendant's automobile was being driven with defendant's knowledge or permission, but plaintiff is entitled to the benefit of the presumption that such driver was driving it with the knowledge and consent of defendant-owner.

2. Same—Negligence—Evidence—Dismissal of Action for Damages.

Dismissal by trial court, acting on its own motion, of plaintiff's action to recover for damages done to his car by defendant's car, on the ground that plaintiff failed to show that defendant's car was driven with defendant's knowledge and permission, was reversible error where there was testimony that after hitting plaintiff's car, the unidentified driver of defendant's car parked it behind defendant's house and went into the house and the record shows that defendant never reported his car stolen or missing.

Appeal from Common Pleas Court of Detroit, Szymanski (Henry J.), J. Submitted Division 1 December 4, 1968, at Detroit. (Docket No. 4,952.) Decided December 20, 1968.

Declaration by Detroit Automobile Inter-Insurance Exchange, subrogee of Frederick Strunck, and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1000.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1000, 1011.

Frederick Strunck against Charles Gordon and J. Richerson to recover damages resulting from an automobile collision. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Rouse, Selby, Webber, Dickinson & Shaw (A. J. Galsterer,* of counsel), for plaintiffs.

Per Curiam. On April 23, 1966, Frederick Strunck parked his white Mustang, insured by plaintiff, in the 200 block of Glendale street, Highland Park, Michigan. At approximately 7 a.m. the following day, the area newspaper boy, Gerald Thompson, observed defendant's red Falcon headed east on Glendale street while delivering his newspapers. He saw defendant's vehicle strike Mr. Strunck's vehicle and watched defendant's vehicle drive off to the end of the block, turn the corner and enter the alley directly behind and paralleling Glendale street. The vehicle headed down the alley and was observed parking at defendant's back yard at 240 Glendale street. Thompson also observed the driver leave the vehicle and enter defendant's home.

Thompson further testified that he could not positively identify the driver, but asserted that the driver was a male person. He was able to identify defendant's vehicle because he had seen it on many occasions and at the time of the accident took its license number.

Defendant denied knowledge of the accident but admitted that his vehicle was damaged on or about April 24, 1966, and that foreign paint similar to the color of the Strunck vehicle was present at the area of damage. He further testified that he sometimes worked a 3:30 p.m.-to-12:30 a.m. shift on weekends

and may have done so the weekend the accident occurred.

At the conclusion of proofs, the trial court indicated that had defendant been represented by counsel, no doubt a motion for dismissal would then have been made. Thereupon, the trial court *sua sponte* granted "a judgment dismissing" the declaration and entered a judgment of no cause of action against plaintiff.

The issue presented for review is: Did the trial court commit error in dismissing plaintiff's cause of action?

Plaintiff clearly proved the ownership of the vehicle which struck his vehicle from the testimony of the newspaper boy. Defendant did not deny ownership of the vehicle or that his vehicle in fact struck the Strunck vehicle. It was defendant's position at trial, however, that since the driver of his vehicle was not positively identified he could not be held liable.

The lower court ruled that the burden of proof was upon the plaintiff to establish that the car was being driven with the consent and permission of the owner.

In meeting that burden, the plaintiff was entitled to the benefit of the presumption that the driver of the vehicle at the time of the accident was driving with the consent and knowledge of the owner. *Krisher* v. *Duff* (1951), 331 Mich 699, 706; *St. Joseph* v. *Grantham Motor Sales* (1934), 269 Mich 260; 9 Callaghan's Michigan Pleading and Practice, § 65.45.

"Generally speaking, the evidence to make this presumption disappear should be positive, unequivocal, strong and credible." *Krisher* v. *Duff, supra,* p 706.

From the testimony of defendant it did not appear that he had reported his vehicle stolen or missing or taken without his consent or knowledge at the time of the accident. *Cf. Ricketts* v. *Froehlich* (1922), 218 Mich 459. The testimony showed that the driver of defendant's vehicle entered defendant's home.

A prima facie case was presented to the trial court and the peremptory dismissal at the close of plaintiffs' proofs was not warranted. See *In re Wood Estate* (1965), 374 Mich 278, 290, 294; *Bronson* v. *J. L. Hudson Co.* (1965), 376 Mich 98.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to plaintiffs-appellants.

LEVIN, P. J., and HOLBROOK and ROOD, JJ., concurred.