LAHEY *v.* SHARP

1. AUTOMOBILES—NEGLIGENCE—OWNER LIABILITY—CONSENT OF OWN-
   ER—PRESUMPTIONS—STATUTES.

   The common-law presumption that a motor vehicle is being
   operated by its possessor with the owner's express or implied
   consent may apply even though the statutory presumption of
   consent does not apply because the operator is not a member
   of the owner's immediate family (MCLA § 257.401).

2. AUTOMOBILES—NEGLIGENCE—OWNER LIABILITY—PRESUMPTIONS—
   JURY QUESTION.

   Positive, unequivocal, strong, and credible evidence is required
   to rebut the common-law presumption that a motor vehicle
   owner has consented, expressly or impliedly, to the operation
   of his vehicle by one in possession of it; consequently, where
   defendant automobile-rental corporation failed to show that
   its car had been reported stolen or missing or had been taken
   without its consent or knowledge at the time of the accident
   with plaintiff's automobile, and the testimony regarding the
   presence of keys in defendant's automobile was conflicting, a
   *prima facie* case of defendant's consent to the operation of
   that automobile by an unidentified person, who had fled from
   the scene of the accident, was presented and the question of
   defendant's consent was properly left to the jury.

3. AUTOMOBILES—NEGLIGENCE—OWNER LIABILITY—CONSENT OF OWN-
   ER—PRESUMPTIONS—EVIDENCE.

   Refusal to direct a verdict in favor of defendant automobile-
   rental corporation was not error where defendant failed to
   rebut the common-law presumption that it had consented,
   either expressly or impliedly, to the operation of its auto-
   mobile by an unidentified driver who fled from the scene
   of an accident with plaintiff's automobile.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 571 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 913.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 March 13, 1970, at Detroit. (Docket No. 6,592.)  Decided April 30, 1970.

Complaint by Michael Lahey and Frances S. Lahey against William Sharp, Jr., Avis Rent-A-Car, Inc., and Chrysler Leasing, Inc., for damages resulting from an automobile accident. Judgment for plaintiffs. Avis Rent-A-Car, Inc. and Chrysler Leasing, Inc., appeal. Affirmed.

*Rouse, Selby, Dickinson, Shaw & Pike* (*Roger B. Mourad,* of counsel), for defendant-appellee Sharp.

*Plunkett, Cooney, Rutt & Peacock* (*William B. Booth,* and *Jeannette A. Paskin,* of counsel), for defendant-appellants Avis Rent-A-Car, Inc., and Chrysler Leasing, Inc.

Before: QUINN, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM.  This action arose out of an automobile accident involving three cars—one driven by plaintiff, Michael Lahey, one by defendant, William Sharp, and the third by an unidentified driver (who fled from the scene of the accident). The third automobile was owned by defendant Avis Rent-A-Car Systems, Inc. After a jury verdict of $5,500 in favor of plaintiff and against all defendants, and defendants Avis and Chrysler Leasing appeal.

Before commencement of trial, the court ruled that there was a *rebuttable presumption* in law that the third automobile was being driven with the own-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

er's consent at the time of the accident. Since Avis had admitted ownership of the vehicle, it was allocated the burden of proving the *lack of express or implied consent*. Thereafter, Avis introduced testimony in an attempt to rebut the presumption of consent. At the close of Avis' proofs, the trial court refused to direct a verdict in favor of Avis, electing, rather, to leave the question of consent to the jury's determination.

The question for review is: Did the trial court commit error in refusing to grant defendant Avis' motion for directed verdict?

The civil liability act of owners and operators of motor vehicles states:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. *It shall be presumed* that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family." MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101). (Emphasis supplied.)

While the statutory presumption does not apply in the instant case because there is no evidence that the driver of the Avis car was a member of Avis' "immediate family" the common-law presumption of consent does apply. In *Hatter* v. *Dodge Brothers* (1918), 202 Mich 97, 102, the Supreme Court said:

"In the absence of such statutory qualification the possession, use and control of an automobile in a

public place fairly gives rise to the inference that the person so in control is the owner of such property or in lawful possession of it with the express or implied consent of the owner. By statute it is made a felony to take possession of and use a motor vehicle without authority (3 CL 1915, § 15341; PA 1917, No 220), and the presumption of innocence, in the absence of proof to the contrary, attends the driver. Unexplained and undisputed, the reasonable inference of consent by the owner and authority of the driver is such as common sense and common experience usually draws and applies to the possession of those driving automobiles along our highways. A *prima facie* case was made out by plaintiff's evidence, putting defendant to its proofs."

See, also, *Detroit Automobile Inter-Insurance Exchange* v. *Gordon* (1968), 15 Mich App 41.

In order to rebut this presumption there must be "positive, unequivocal, strong and credible" evidence to the contrary. *Krisher* v. *Duff* (1951), 331 Mich 699, 706.

From the testimony of Avis' two witnesses it did not appear that the car had been reported stolen or missing or taken without the consent or knowledge of Avis at the time of the accident. Further, there was testimony (albeit conflicting) that there were keys in the vehicle at the time of the accident.

A *prima facie* case of consent was presented to the jury and properly left for their consideration. See *In re Wood Estate* (1965), 374 Mich 278, 290, 294.

Affirmed, costs to defendant-appellee.