MICHIGAN MUTUAL LIABILITY COMPANY v STAAL BUICK,
INC

1. AUTOMOBILES—CONSENT—RENTALS—PRESUMPTION.

The presumption that a car is being driven with the owner's consent extends to car owners who rent or lease their vehicles (MCLA 257.401).

2. AUTOMOBILES—CONSENT—RENTALS—PRESUMPTION.

The corporate owner of an automobile which had leased it to a leasing corporation which in turn had rented the car to the driver at the time of the collision was not entitled to a directed verdict because plaintiffs failed to prove that the driver was operating the owner's car with its express or implied consent where the owner failed to rebut the evidentiary presumption of consent (MCLA 257.401).

3. INTEREST—JUDGMENT—PLEADING.

Interest on a money judgment is properly taxed as of the date the original complaint was filed regardless of any amendment since any amendment relates back to the date of the original pleading (MCLA 600.6013; GCR 1963, 118.4).

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 10789.) Decided June 28, 1972.

Complaint by Michigan Mutual Liability Company, a subrogee of Michigan Chemical Corporation, and Michigan Chemical Corporation against Staal Buick, Inc., for negligence. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 607, 913.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 605, 911, 998, 1000.
[3] 22 Am Jur 2d, Damages § 194.
   45 Am Jur 2d, Interest and Usury §§ 59, 60, 96, 97.

*Foster, Lindemer, Swift & Collins,* for plaintiffs.

*Newman & Mackay,* for defendant.

Before: J. H. Gillis, P. J., and T. M. Burns and Targonski,* JJ.

Per Curiam. Defendant appeals from a jury verdict awarding the plaintiffs $10,231.14 for injuries sustained in a collision which occurred on August 4, 1964. Three issues are raised for consideration on this appeal.

The first issue is whether or not the plaintiffs are entitled to a recovery on the basis of Michigan's Owners Liability Statute.[1] The defendant argues that plaintiffs failed to prove that the car was being driven with their express or implied permission. In *Detroit Automobile Inter-Insurance Exchange v Gordon,* 15 Mich App 41 (1968), this Court held that a plaintiff was entitled to a presumption that a car was being driven with the consent of the owner, and that the defendant had to introduce positive, unequivocal, strong and credible evidence to the contrary in order to make this presumption disappear. This principle was extended to include the owners of cars which had been rented or leased in *Lahey v Sharp,* 23 Mich App 556 (1970).

In the instant case, the plaintiffs offered sufficient proof to justify use of the presumption. The defendant, on the other hand, has not introduced any evidence which would rebut this presumption. As a consequence, defendant was not entitled to a directed verdict on the grounds that the plaintiffs have failed to prove that the driver of the automo-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 257.401; MSA 9.2101.

bile was driving with the express or implied consent of the owner of that automobile. The owner in this instance is the defendant corporation which had leased the car to a leasing corporation which in turn rented the car to the driver at the time of the accident. Consequently, defendant was not entitled to a directed verdict on the grounds that the plaintiffs have failed to prove that the driver of the automobile was driving with the express or implied consent of the owner of that automobile.

The second issue raised by the defendant is the failure of the trial court to grant a directed verdict or a verdict n.o.v. on the issue of the plaintiffs' contributory negligence. On a motion for directed verdict or a judgment n.o.v. the court must view the evidence in a light most favorable to the party opposing the motion. *Wamser v N J Westra & Sons, Inc,* 9 Mich App 89 (1967). Only under the most extreme circumstances will a negligence case be taken from the jury. In the case at bar, viewing the evidence in the light most favorable to the plaintiffs, it is quite evident that the trial judge was correct in failing to direct a verdict for the defendant on the issue of contributory negligence.

The third argument raised by the defendant is directed to a claim of error by the trial judge in taxing interest from the date of July 18, 1966, when the plaintiffs filed their original complaint, as opposed to the date of July 31, 1967, at which time an amended complaint was filed adding the present defendant as a party to the suit.

MCLA 600.6013; MSA 27A.6013 provides that interest shall be allowed on any money judgment recovered in a civil action from the date the complaint was filed. At the same time, GCR, 1963, 118.4 provides that any amendment in pleadings relates back to the date of the original pleading

whenever the claim "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth" in the original pleading. It is clear from the statute and the court rule that the judge was correct in taxing interest as of July 18, 1966, the date the original complaint was filed.

Affirmed.