DELANEY v BURNETT

1. AUTOMOBILES—CONSENT—RENTALS—PRESUMPTIONS—STATUTES.

The rebuttable presumption that a car driven upon a public highway is being used with the consent of the owner applies even when the owner has leased or rented out the car (MCLA 257.401).

2. AUTOMOBILES—CONSENT—RENTALS—ASSUMPTION OF RISK—ADMONITIONS—WRITTEN AGREEMENTS.

An automobile owner who willingly surrenders control of his vehicle to others consents to assumption of the risks attendant upon his surrender of control regardless of admonitions which would purport to delimit his consent; reducing the admonition to writing does not alter the effect that the presumption of consent is nearly irrebuttable where the keys to the vehicle are voluntarily passed from hand to hand.

Appeal from Wayne, Thomas J. Foley, J. Submitted June 17, 1975, at Detroit. (Docket No. 20233.) Decided August 26, 1975.

Complaint by Janet J. Delaney against Theresa A. Burnett and American Rent-A-Car Company for damages arising out of an automobile accident. Summary judgment for defendant American. Plaintiff appeals. Reversed and remanded.

*Garian & Garian,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendant American Rent-A-Car Company.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 579.

Liability of owner for negligence of one to whom car is loaned or hired. 100 ALR 920.

Before: T. M. Burns, P. J. and Quinn and M. J.
Kelly, JJ.

M. J. Kelly, J. Plaintiff brought suit, alleging
that defendant American Rent-A-Car Company
(American) was liable for injuries sustained in an
automobile accident. The action was predicated on
the owner's liability statute, MCLA 257.401; MSA
9.2101. American claims that it did not consent to
the operation of its car by Theresa Ann Burnett,
the driver who struck plaintiff.

The trial court ruled that there was no genuine
issue as to consent and that defendant American
was therefore entitled to judgment as a matter of
law. An order granting summary judgment was
entered, GCR 1963, 117.2(3). Plaintiff appeals.

The statute, MCLA 257.401; MSA 9.2101, reads
in part:

"The owner of a motor vehicle shall be liable for any
injury occasioned by the negligent operation of such
motor vehicle * * * . The owner shall not be liable,
however, unless said motor vehicle is being driven with
his or her express or implied consent or knowledge."

The agreed facts are that plaintiff was struck by
an automobile owned by American and operated
by Ms. Burnett. The car had been leased to Clar-
ence Davis, Jr. pursuant to a written rental agree-
ment prohibiting Davis from permitting others to
operate it without permission of American. In no
case was Davis to allow a driver 21 years of age or
under to drive the car. In breach of this agree-
ment, Davis loaned the car to Burnett who was 20
years old.

There is a rebuttable presumption in Michigan
that a car driven upon a public highway is being
used with the consent of the owner. The presump-

tion applies even when the owner has leased or rented out the car. *Michigan Mutual Liability Co v Staal Buick, Inc,* 41 Mich App 625; 200 NW2d 726 (1972), *Lahey v Sharp,* 23 Mich App 556; 179 NW2d 195 (1970). American acknowledges as much, but argues that the rental contract between itself and Davis conclusively rebuts that presumption.

The heart of the controversy involves the apparent conflict between two salutary purposes of the act. On one hand, the act contemplates that by withholding "express or implied consent or knowledge", an owner can avoid liability under the statute. American did about all an auto leasing company can reasonably do to keep its cars out of the hands of drivers under the age of 21. Its intent was to reduce the risk of loss by eliminating a statistically accident-prone group. Actuarially speaking, the unilateral act of Mr. Davis increased the risk of accident. On the other hand the statute expresses a public policy which seeks to protect the motoring public against fiscally irresponsible tortfeasors.

The issue is not one of first impression. It has been decided by the Supreme Court. In *Cowan v Strecker,* 394 Mich 110, 115; 229 NW2d 302 (1975), the Court relied on *Roberts v Posey,* 386 Mich 656; 194 NW2d 310 (1972). The *Cowan* Court held:

> "*Roberts* indicates unequivocally that 'consent', as that term is used in the owners civil liability act, must be construed to effectuate the policy of the act—that is, 'to place the risk of damage or injury upon the person who has the ultimate control of the vehicle'. The essential consent is consent to the *driving* of the vehicle by others. *Cf. Kerns v Lewis,* 246 Mich 423; 224 NW 647 (1929). Thus, when an owner willingly surrenders control of his vehicle to others he 'consents' to assumption of the risks attendant upon his surrender of control

regardless of admonitions which would purport to delimit his consent. It must be so, or the statutory purpose would be frustrated." (Emphasis in original.)

The instant case differs from *Cowan* and *Roberts* only in that here the limitation is in writing. To elevate that difference to a distinction of decisional importance would be at odds with the rationale of those cases. We hold that the restriction was invalid, that reducing the admonition to writing does not alter the effect of *Cowan* and *Roberts*. The presumption of consent is a nearly irrebuttable presumption where the keys to the vehicle are voluntarily passed from hand to hand.

The order granting summary judgment is reversed and the case is remanded for trial. Costs to appellant.