BIESZCK v AVIS RENT-A-CAR SYSTEM, INC

Docket No. 192794. Submitted June 3, 1997, at Detroit. Decided June 20, 1997, at 9:20 A.M. Leave to appeal sought.

Ronald and Susan Bieszck brought an action in the Wayne Circuit Court against Avis Rent-A-Car System, Inc., alleging liability under the owner's liability statute, 1988 PA 125, MCL 257.401; MSA 9.2101, for injury caused to Ronald Bieszck by a twenty-one-year-old motorist who was driving an automobile rented by the defendant to the motorist's father pursuant to an agreement that prohibited anyone under twenty-five years of age from operating the automobile. A jury returned a verdict of no cause of action, deciding that the automobile was being driven without Avis' consent. The court, Paul S. Teranes, J., denied a motion by the plaintiffs for judgment notwithstanding the verdict, a new trial, or relief from judgment and entered a judgment consistent with the verdict. The plaintiffs appealed.

The Court of Appeals *held*:

1. The possession, use, and control of an automobile in a public place gives rise to an inference that the person so in control is the owner of the automobile or in lawful possession of it with the express or implied consent of the owner. Once an owner's consent is thus established, the owner must show by positive, unequivocal, strong, and credible evidence that the automobile was being driven without the owner's express or implied consent or knowledge. In this case, the limitation concerning driver age in the Avis rental agreement is insufficient, as a matter of law, to rebut the presumption of consent and the trial court therefore erred in submitting the question of consent to the jury. Because the jury decided the issue of consent contrary to the law, the plaintiffs are entitled to a new trial.

2. The plaintiffs did not waive appellate review of the issue when they failed to object to the form of the verdict, which asked the jury to determine the issue of consent. The form of the verdict is in essence a jury instruction. To preserve an instructional issue for appellate review, a party must object on the record before a jury retires to deliberate. The Court of Appeals, however, will review

unpreserved instructional errors when, as in this case, necessary to prevent manifest injustice.

Reversed and remanded for a new trial.

AUTOMOBILES — OWNER'S LIABILITY — PRESUMPTION OF OWNER'S CONSENT TO OPERATION BY ANOTHER.

The possession, use, and control of a rental car in a public place gives rise to an inference that the person so in control is in lawful possession of the automobile with the express or implied consent of the rental car company such that the rental car company can sustain liability under the owner's liability statute unless it rebuts the presumption of consent with positive, unequivocal, strong, and credible evidence to the contrary; the presumption of consent is not rebutted, as a matter of law, where the automobile is operated by a driver whose age is below the minimum required in the rental agreement (1988 PA 125, MCL 257.401; MSA 9.2101).

*Gary B. Perkins*, for the plaintiffs.

*James R. Fletcher*, for the defendant.

Before: MACKENZIE, P.J., and NEFF and MARKEY, JJ.

NEFF, J. Plaintiffs brought suit,[1] alleging that defendant, Avis Rent-A-Car System, Inc., was liable for injuries sustained by Ronald Bieszck in an automobile accident. The claim against Avis was predicated on the owner's liability statute, 1988 PA 125, MCL 257.401; MSA 9.2101. Plaintiffs[2] appeal as of right from a judgment of no cause of action entered following a jury trial. We reverse and remand for a new trial.

I

At trial, the parties stipulated that plaintiff was involved in an accident with an automobile owned by

---

[1] Tyrone Glenn Hill was never served with a copy of the summons and complaint and is not a party to this appeal.

[2] Susan Bieszck's claim for loss of consortium is derivative in nature; thus, in this opinion, "plaintiff" will refer to Ronald Bieszck only.

Avis and operated by Tyrone Glenn Hill. The car had been leased to Virdell Hill pursuant to a written rental agreement prohibiting anyone under the age of twenty-five from operating the vehicle. The police report generated at the time of the accident indicated that Tyrone Hill was twenty-one years old on the day of the accident. Neither Tyrone Hill nor Virdell Hill testified at trial. Relying upon the terms of the rental agreement, Avis claimed that it did not consent to the operation of its car by Tyrone Glenn Hill.

The jury found that the automobile was not being operated with Avis' consent. Therefore, the jury never reached the issue of Tyrone Hill's negligence in operating the vehicle and judgment was entered in Avis' favor. Plaintiffs then filed a motion for judgment notwithstanding the verdict (JNOV), a new trial, or relief from judgment. The motion was denied by the trial court, as was plaintiffs' motion for reconsideration.

II

A new trial is appropriate when an error of law has occurred in the proceedings. MCR 2.611(A)(1)(g). Questions of law are subject to review de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991). As a matter of law, the issue whether Avis consented to Tyrone Hill's use of the vehicle should have been decided by the trial court in the affirmative. Because an issue of law went to the jury and was resolved contrary to the law, a new trial is warranted. MCR 2.611(A)(1)(g).

The key issue in this case was whether Tyrone Hill was operating the vehicle owned by Avis with Avis'

consent. At the time of trial, MCL 257.401; MSA 9.2101 provided in pertinent part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires [sic]. The owner shall not be liable, however, unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family.

The purpose of this statute is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle, the owner. *Roberts v Posey*, 386 Mich 656, 662; 194 NW2d 310 (1972); *Ringewold v Bos*, 200 Mich App 131, 134; 503 NW2d 716 (1993).

Because there is no evidence that Tyrone Hill was a member of Avis' "immediate family," the statutory presumption of consent to the operation of the vehicle does not apply here.[3] *Lahey v Sharp*, 23 Mich App

---

[3] It should be noted that the owner's liability statute was recently amended effective June 22, 1995, adding the following:

(3) Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her

556, 558; 179 NW2d 195 (1970). However, the common-law presumption of consent, arising simply by virtue of the vehicle being operated on the street, does. *Id.* In *Hatter v Dodge Bros*, 202 Mich 97, 102; 167 NW 935 (1918), the Supreme Court stated:

> In the absence of such statutory qualification the possession, use and control of an automobile in a public place fairly gives rise to the inference that the person so in control is the owner of such property or in lawful possession of it with the express or implied consent of the owner.

See also *Caradonna v Arpino*, 177 Mich App 486, 489; 442 NW2d 702 (1989). This common-law presumption of consent applies even when the owner has leased or rented out the car. *Delaney v Burnett*, 63 Mich App 639, 641; 234 NW2d 741 (1975).

A

Once consent of the owner is thus established, the burden is on the owner to show that the vehicle was being driven without his express or implied consent or knowledge. *Roberts, supra* at 663. In order to rebut the common-law presumption of the owner's consent to the operation of a vehicle, there must be positive, unequivocal, strong, and credible evidence to the contrary. *Lahey, supra* at 559.

In this case, the parties stipulated that Avis rented the vehicle to Virdell Hill under the terms of Avis' rental agreement. Under the terms of the agreement,

---

agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident. [1995 PA 98, MCL 257.401; MSA 9.2101.]

Virdell agreed that the vehicle was to be operated only by an individual "at least 25 years old and capable and validly licensed driver." The vehicle was being operated by Tyrone Hill, twenty-one years old at the time of the accident. The record contains no facts concerning how Tyrone Hill came to be operating the motor vehicle .

Avis argued that it could not be held liable for the actions of Tyrone Hill while operating its vehicle because Tyrone Hill was operating the vehicle in violation of the terms of the agreement and, therefore, without the express or implied consent or knowledge of Avis. These facts, however, are insufficient as a matter of law to overcome the presumption of consent.

In *Roberts, supra,* the Michigan Supreme Court addressed the common-law presumption of consent. In that case, the Court held:

> The presumption that a motor vehicle, taken with the permission of its owner, is thereafter being driven with his express or implied consent or knowledge *is not overcome by evidence that the driver has violated the terms of the original permission* . . . . [*Roberts, supra* at 664 (emphasis added).]

Three years later, the Supreme Court, in *Cowan v Strecker*, 394 Mich 110, 115; 229 NW2d 302 (1975), further stated that "when an owner willingly surrenders control of his vehicle to others he 'consents' to assumption of the risks attendant upon his surrender of control *regardless of admonitions which would purport to delimit his consent.*" (Emphasis added.) The Court's rulings in both *Roberts* and *Cowan* were justified by the need to effectuate the purpose of the

owner's liability statute of placing the risk of damage or injury on the individual who has the ultimate control of the vehicle. *Id.*; *Roberts, supra* at 662. Any limitations imposed by the owner in making the loan of the vehicle to another are therefore irrelevant to the effectuation of the statutory purpose. *Id.*

After *Cowan* and *Roberts* were decided, this Court considered a case whose facts are similar to those in the instant case. In *Delaney, supra,* the plaintiff brought suit against a rental car company that owned the vehicle that struck the plaintiff's vehicle. The rental agreement stated that no one under the age of twenty-one was to operate the vehicle. In violation of the contract, the lessee loaned the vehicle to Burnett, who was twenty years old at the time. 63 Mich App 640.

On appeal, the rental car company argued that its rental contract with the lessee conclusively rebutted the presumption of consent. *Id.* This Court, relying on *Cowan* and *Roberts*, reversed the lower court's grant of summary disposition in favor of the defendant. *Delaney, supra* at 642. This Court found that the only difference between the situation before it and the situation in *Cowan* and *Roberts* was that the limitations on the lessee's use of the vehicle were in writing. *Id.* at 642. Holding that the fact that the limitation was in writing was a distinction without a difference, this Court concluded that the rental agreement restrictions did not serve to rebut the presumption of consent. *Id.*

B

*Delaney* is persuasive. Avis' limitation on use found in the rental agreement was insufficient, as a matter

of law, to avoid the presumption that the vehicle was being driven with Avis' consent. The lower court thus erred in determining that the question of consent was for the jury to decide. Moreover, because the jury decided the issue contrary to the law, plaintiffs are entitled to a new trial. MCR 2.611(A)(1)(g).

III

Finally, contrary to Avis' position, the foregoing issue has not been waived. Avis argues that because plaintiffs failed to object to the form of the verdict, which asked the jury to determine the issue of consent, plaintiffs have waived the issue on appeal. Although plaintiffs may not have specifically stated that the issue was one of law for the court, they essentially made this argument on several occasions: in their trial brief, in response to defendant's oral motion for a directed verdict, and in their motion for JNOV or a new trial and motion for reconsideration.

The form of the verdict is, as Avis recognizes, in essence a jury instruction. In *Mina v General Star Indemnity Co*, 218 Mich App 678, 680; 555 NW2d 1 (1996), this Court stated:

> To preserve for review an issue concerning a jury instruction, a party must object on the record before the jury retires to deliberate. MCR 2.516(C). This Court will review an unpreserved issue concerning an error in jury instruction only when necessary to prevent manifest injustice. Manifest injustice results where the defect in instruction is of such magnitude as to constitute plain error, requiring a new trial, or where it pertains to a basic and controlling issue in the case. [Citations omitted.]

The error at issue here pertains to a basic and controlling issue in this case. Thus, manifest injustice

would occur if this Court refused to address the issue on appeal.

IV

Reversed and remanded for a new trial. This Court does not retain jurisdiction.