**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**CITIZENS INSURANCE COMPANY, Defendant.**

No. 97–CV–71610–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 11, 1997.

---

Donald R. Dillon, Birmingham, MI, for Plaintiff.

Jerald Van Hellemont, Detroit, MI, for Defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. For the reasons set forth in this opinion, the Court denies plaintiff's motion for summary judgment and grants defendant's cross motion for summary judgment.

### Background

On or about May 2, 1995, Sami Dabaja entered into a rental agreement with Pravolar and Associates ("Pravolar") to obtain a rental car while his vehicle was being repaired following an accident. Plaintiff Liberty Mutual Insurance Company ("Liberty") provided a policy of business auto insurance to Pravolar that afforded liability coverage in the event of an accident on the vehicles which Pravolar leased through its business to the public. On May 6, 1995, Sami Dabaja's niece, Kenwah Dabaja, was operating the vehicle leased by Sami Dabaja from Pravolar when she was involved in an accident. Kenwah Dabaja, who at the time of the accident was nineteen years of age, struck a pedestrian, Helen Hanba. Subsequently, Hanba filed suit in Wayne County Circuit Court naming as defendants Pravolar, Kenwah Dabaja, and Citizens Insurance Company. Citizens Insurance Company ("Citizens") provided a policy of insurance to Sami Dabaja insuring his personal vehicles. During the proceeding in the Wayne County Circuit Court, Hanba voluntarily dismissed Citizens and added Liberty to the state court action. Ultimately, the state court action was resolved by Liberty paying to Hanba the sum of $290,000.00.

On April 15, 1997, plaintiff Liberty filed the instant action seeking a declaratory judgment as to the rights and liabilities of the parties under the respective policies of insurance. Specifically, plaintiff seeks a declaration that its policy be considered primary to the extent of $100,000.00, and that the Court enforce the indemnification language of Pravolar's rental agreement and require Citizens to tender its policy limits to plaintiff.

On October 31, 1997, plaintiff filed a motion for summary judgment setting forth alternative bases for entry in its favor. Initially, plaintiff argues that Sami Dabaja's decision to allow his nineteen year old niece, Kenwah Dabaja, to operate the vehicle violated the terms of the rental agreement prohibiting drivers under 21 from operating rental vehicles and as such, neither Sami Dabaja nor Kenwah Dabaja is entitled to coverage under the agreement. Alternatively, Liberty argues that if such individuals are entitled to coverage under the terms of the rental agreement, such coverage is expressly limited to $100,000.00. Finally, Liberty contends that Citizens should also be liable for its policy limits of $100,000.00 since it provided insurance to Sami Dabaja, and under the terms of its policy it is also responsible for that amount.

Defendant Citizens filed its cross motion for summary judgment also offering alternative bases in support of its motion. Citizens argues that summary judgment should be entered in its favor contending that under the Michigan Supreme Court's holding in *State Farm v. Enterprise Leasing,* 452 Mich. 25, 549 N.W.2d 345 (1996), Liberty should be declared the primary insurer and thus be liable up to its policy limits of $1,000,000.00. Citizens also contends that its insured is Sami Dabaja and the name appearing on the rental contract appears to be that of Hassan Dabaja. Further, on Sami Dabaja's original application for insurance he did not list any other potential drivers in the household and defendant Citizens' policy contains language excluding coverage for those drivers in a household under 30 years of age with traffic convictions. As such, defendant Citizens

contends that it may deny coverage to Sami Dabaja on the basis of fraud or misrepresentation in his application for insurance.

## Standard of Review

Rule 56 (c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable jury could return a verdict for that party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which establish the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *Moore v. Philip Morris Cos.*, 8 F.3d 335,

339–40 (6th Cir.1993). If after adequate time for discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–24.

## Discussion

The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332; therefore, as a federal court sitting in diversity, the Court applies "state law in accordance with the controlling decisions of the Michigan Supreme Court" to construe the terms and conditions of the contract of insurance. *Prestige Cas. Co. v. Michigan Mut. Ins. Co.*, 99 F.3d 1340, 1348 (6th Cir.1996) *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Bailey Farms, Inc. v. NOR–AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir.1994). In interpreting the terms and conditions of an insurance policy, Michigan law requires courts "to look at the policy as a whole, and to give meaning to all of its terms." *Advance Watch Co., Ltd. v. Kemper Nat. Ins. Co.*, 99 F.3d 795, 799 (6th Cir.1996) *citing Fresard v. Michigan Millers Mut. Ins. Co.*, 414 Mich. 686, 692–96, 327 N.W.2d 286, 288–89 (1982). Further, terms of an insurance contract are to be interpreted by considering their commonly understood meanings. *Upjohn Co. v. New Hampshire Ins. Co.*, 438 Mich. 197, 207, 476 N.W.2d 392, 397 (1991).

The rental agreement signed by Sami Dabaja [1] contained an exclusion limiting the ability of other individuals to drive the vehicle. On the face of the rental agreement, a section entitled "Drivers Other than Renter" appears and contains the following language: "Only licensed drivers named on this agreement are insured. See Pg. 1. Para 1." The

---

1. Defendant Citizens argues in its brief that the rental agreement was actually signed by Hassan Dabaja and since its insured is Sami Dabaja, Citizens is not even a proper party to this dispute. The parties agree that the rental agreement governing this dispute is that which appears at *Def.'s Exh. 8, p. 1.* The Court is not prepared to hold the entire rental agreement invalid just because the signature of Sami Dabaja appears above that of Hassan Dabaja on the renter's signature line, and not on the actual line itself. The Court notes that Sami Dabaja's signature also appears in the provision waiving a collision deductible. Accordingly, the Court finds no merit in defendant's contention that Hassan Dabaja is the proper party to the rental agreement in question.

aforementioned section then contains the following exclusion, in pertinent part:

1. Drivers: In no event shall the vehicle be used, operated or driven by any person other than (1) Renter, or (2) qualified, licensed drivers who have Lessor's prior written consent and are named as additional drivers on page 2 of this agreement, except that without violating this contract, vehicle may be used, operated or driven by another person who is qualified, licensed driver 25 to 69 years of age for cars and 21 to 69 years of age for trucks....

(*Pl.'s Exh A, p. 2, ¶ 1*). The only individual whose name appears in the section is that of Ferial Dabaja who is identified as Sami Dabaja's wife. Plaintiff Liberty argues that the terms of its agreement clearly limit proper operators of its vehicles to either those individuals who have renter's consent and appear on the addendum to the rental agreement, or those individuals who are at least 25 to 69 years of age with a valid driver's license. The operator of the vehicle at the time of the accident in question, Kenwah Dabaja, does not meet either of those descriptions as her name does not appear in the rental agreement addendum and she was nineteen years old at the time. Accordingly, Liberty contends that this violation of the terms of the rental agreement provides sufficient grounds for it to deny coverage for the incident.

The Michigan's owner's liability statute, in effect at the time of the incident, M.C.L.A. § 257.401; M.S.A. § 9.2101 provided, in pertinent part:

The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle * * * *. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.

The Michigan Court of Appeals in *Delaney v. Burnett,* 63 Mich.App. 639, 234 N.W.2d 741 (1975), relying in part upon the owner's liability statute, confronted a situation wherein a plaintiff sued an automobile rental company for injuries sustained in an accident involving a rental car. The rental agreement at issue in *Delaney* contained an exclusion (similar to the exclusion present in this case) which limited the lessee from allowing another to use the rental car without consent, and in no event permitting an individual under the age of 21 to operate the vehicle. The *Delaney* court determined "[t]here is a rebuttable presumption in Michigan that a car driven upon a public highway is being used with the consent of the owner. The presumption applies even when the owner has leased or rented out the car." *Id.* at 640, 641, 234 N.W.2d at 742 *citing Michigan Mutual Liability Co. v. Staal Buick, Inc.,* 41 Mich.App. 625, 200 N.W.2d 726 (1972); *Lahey v. Sharp,* 23 Mich.App. 556, 179 N.W.2d 195 (1970). The court, in determining the provision excluding drivers under the age of 21 was invalid, stated "[t]he presumption of consent is a nearly irrebuttable presumption where the keys to the vehicle are voluntarily passed from hand to hand." *Id.* at 642, 234 N.W.2d at 742.

In a more recent decision, the Michigan Court of Appeals upheld the reasoning of the *Delaney* court and invalidated an exclusion contained in an Avis rental agreement limiting anyone under the age of 25 from operating a rental vehicle. *Bieszck v. Avis Rent-A-Car System, Inc.,* 224 Mich.App. 295, 568 N.W.2d 401 (1997). The Court in *Bieszck* stated "*Delaney* is persuasive. Avis' limitation on use found in the rental agreement was insufficient, as a matter of law, to avoid the presumption that the vehicle was being driven with Avis' consent." *Id.* at 301–302, 568 N.W.2d 401, 568 N.W.2d at 404. Applying the reasoning of *Delaney* to the facts of the instant case, the Court finds that the exclusionary language contained in Pravolar's rental agreement is similar to that at issue in *Bieszck, supra.* Pravolar's rental contract contains almost identical language limiting the use of its vehicles to those licensed drivers under the age of twenty-five. Accordingly, the Court finds under the holding of *Delaney* and *Bieszck, supra* that the limiting language contained in Pravolar's rental contract is insufficient as a matter of law to avoid the presumption that the vehicle operated by Kenwah Dabaja was driven with Pravolar's consent. Therefore, the Court rejects Liberty's argument that coverage under the rental contract does not apply because

the use of its vehicle by Kenwah Dabaja violated the terms of the rental contract.

■ Having determined that the policy of insurance issued by Liberty is applicable, the Court must then determine whether Liberty or Citizens should bear the responsibility for payment of the settlement with the injured pedestrian. Liberty argues that its contribution should be deemed "primary" to the extent of the first $100,000.00 as expressed in the terms of its rental agreement.[2] Further, Liberty asserts that under the express terms of the rental agreement, its contribution is limited to $100,000.00 and the balance of the settlement is the responsibility of defendant Citizens. Citizens argues that under the Michigan Supreme Court's holding in State Farm, supra, plaintiff's policy of coverage is primary and should be considered so to the extent of the policy limits.

The Court agrees that State Farm is directly on point and controls the resolution of the contested policy terms in the case at bar. In State Farm, the Court was confronted with the consolidation of three cases which presented the common issue of whether car rental companies must provide primary insurance coverage for liability arising out of the use of their vehicles. The Court held that "car rental companies and their insurers are required to provide primary residual liability coverage for the permissive use of the rental cars, up to their policy limits or the minimum required by statute." Id. at 36, 549 N.W.2d at 350.

Applying the Michigan Supreme Court's holding in Enterprise Leasing, the Court concludes that Liberty is primarily liable for residual liability coverage up to its policy limits or the statutory minimum.[3] The policy limits provided by plaintiff to Pravolar on the lease of each of its vehicles is $1,000,000.00. The settlement amount awarded to the injured third party in the state court action was $290,000.00.

■ However, plaintiff, while acknowledging the applicability of the State Farm decision, argues that the express terms of its rental agreement limit any potential liability arising from the use of its rental vehicles to $100,000.00 per person, and $300,000.00 per accident. The Court believes that the State Farm decision is instructive by analogy on this issue as well. In State Farm, the rental contract at issue allowed the rental car driver to make an election that effectively allocated responsibility for coverage to the driver's insurer and away from the rental car agency. The Court, in finding that allocation provision invalid, reasoned that allowing an owner to shift the primary responsibility for providing coverage to the driver and the driver's insurer would violate the intent of the no fault insurance act which requires that owners be primarily responsible for insurance coverage on their vehicles. The Court also reasoned that sanctioning the terms of the rental agreement that allocated insurance coverage to the driver's insurer would essentially condone the rental car company violating the integrity of the contract of insurance between the rental car company and its insurer, and the driver and its insurer. The Court stated, "Enforcing such an agreement

2. The terms of the Pravolar rental agreement provide:

"Insurance: This vehicle is covered by an automobile liability insurance policy while operated by the renter in compliance with the terms and conditions of the rental agreement....The terms of the policy shall govern and no expression in this agreement shall extend the terms of the policy nor make the lessor an insurer of any one operating the vehicle. Anyone permitted by this agreement to operate the vehicle would be protected against liability to third persons because of bodily injury an property damage caused by an accident and resulting from the ownership, maintenance or use of the vehicle unless the person violates the terms and conditions of the rental agreement. The policy limits for the renter for bodily injury or death, are $100,-000.00 for each person but not more than $300,000.00 per accident...."

3. The Court is aware that the Michigan Legislature amended M.C.L.A. § 257.401, effective June 22, 1995, to limit the liability of the owners of leased vehicles as follows:

Unless the lessor, or his or her agent, was negligent in the leasing of the vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,-000.00 because of bodily injury to or death of 2 or more persons in any 1 accident.

M.C.L.A. § 257.401(4). This statute, however, is not applicable to this case.

would permit the driver to unilaterally dictate the insurance obligations of the parties. Those obligations are a matter of contract, and cannot be unilaterally reassigned." *State Farm*, 452 Mich. at 35, 549 N.W.2d at 350.

Similarly, the Court believes that if it were to uphold the limitation contained in Pravolar's rental agreement, then the Court would be permitting Pravolar to unilaterally dictate the insurance obligations of its insurer, Liberty, without Liberty's consent. The effect of Pravolar's limitational language in its agreement is to alter the contract of insurance existing with Liberty by limiting its liability to $100,000.00 per person and $300,000.00 per accident. The contract of insurance existing between Pravolar and plaintiff Liberty sets forth the terms and conditions of Liberty's obligations in the event of an accident involving one or more of Pravolar's rental cars. That policy provides for policy limits in the amount of $1,000,000.00. Pravolar cannot unilaterally change the limits of coverage provided in the insurance contract with Liberty by setting forth a different amount in the rental agreement. Accordingly, the Court finds the language of limitation contained in Pravolar's rental agreement purporting to limit its liability to $100,000.00 to be unenforceable in the present case, and plaintiff Liberty is liable for payment of the settlement amount to the extent of its policy limits.

Therefore, the Court denies plaintiff's motion for summary judgment and grants defendant's cross motion for summary judgment.

An Order consistent with this Opinion shall issue forthwith.