COWAN v STRECKER

OPINION OF THE COURT

1. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—PROXIMATE CAUSE.
    An owner of an automobile who consents to another person's use
    of the vehicle is liable for any injury or damage caused by the
    improper use of the automobile, even if the borrower has
    deviated from the owner's instructions, because the owner, the
    person with ultimate control of the vehicle, by entrusting his
    automobile to another, began the chain of events which re-
    sulted in injury or damage (MCLA 257.401).

2. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—CIVIL LIABILITY ACT.
    The specifics of any limitations imposed by the owner of an
    automobile when he gives possession of the vehicle to another
    are irrelevant to the civil liability act's effectuation of its
    purpose, because whatever the limitations, once the owner has
    turned his car keys over to another, he is powerless to enforce
    those limitations (MCLA 257.401).

3. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—DEVIATION.
    The owner of an automobile who had lent it to a borrower with
    explicit instructions that no one drive it but the borrower was
    liable under the civil liability act for an accident which occur-
    red while the automobile was being driven by the borrower's
    son contrary to the instructions (MCLA 257.401).

CONCURRENCE BY BRONSON, J.

4. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—PRESUMPTIONS—EVI-
    DENCE.
    *The strong policy expressed by the Supreme Court in a case
    where a person who borrowed another's automobile was in-
    volved in an accident while operating the vehicle past the hour
    stipulated for its return, that the presumption that a motor
    vehicle taken with the permission of its owner is thereafter
    being driven with his express or implied consent or knowledge*

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 571–614.

*is not overcome by evidence that the driver has violated the terms of the original permission, should have controlled a later Court of Appeals decision in which the person who received permission to operate the automobile from the owner allowed another to drive the vehicle (MCLA 257.401).*

Appeal from Bay, John X. Theiler, J. Submitted Division 3 January 8, 1974, at Grand Rapids. (Docket No. 15800.) Decided April 29, 1974. Leave to appeal granted, 392 Mich 770.

Complaint by John Cowan against Grace P. Strecker and William S. Shannon for damages for personal injuries received in an automobile accident. Default judgment for plaintiff against defendant Shannon. Judgment of no cause of action for defendant Strecker. Plaintiff appeals. Reversed and remanded for entry of judgment against defendant Strecker.

*Smith & Brooker, P. C.,* and *John M. Patterson, P. C.,* for plaintiff.

*Collison & Fordney, P. C.,* for defendant Strecker.

Before: R. B. BURNS, P. J., and BRONSON and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. Plaintiff filed suit against the owner and the driver of a motor vehicle. A default judgment was entered against the driver. The trial court entered a judgment of no cause of action in favor of the owner as the borrower of the vehicle had disobeyed instructions. We reverse.

On the day that defendant Grace Strecker's car was being driven by defendant William Shannon that car collided with a car being driven by plain-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tiff John Cowan. Cowan was seriously injured. Grace Strecker had loaned her car to Virginia Shannon, William's mother, with explicit instructions that no one drive that car other than Mrs. Shannon. Contrary to those admittedly clear instructions, Mrs. Shannon allowed her son to drive the car. At the time of the accident Mrs. Shannon was a passenger in the car. John Cowan brought suit against William Shannon and Grace Strecker. The action against Mrs. Strecker was based on the owner liability provisions of the Michigan civil liability act, MCLA 257.401; MSA 9.2101. Defendant William Shannon failed to defend, and a default judgment was properly entered against him. After a bench trial a judgment of no cause of action was entered in favor of Mrs. Strecker. The judge ruled that, because William Shannon's operation of Mrs. Strecker's car was contrary to the owner's explicit instructions to Mrs. Shannon, the car was not being operated by William Shannon with either the express or implied consent of Mrs. Strecker and that, therefore, no liability was imposed upon her by the civil liability act. Plaintiff challenges the judgment for defendant Strecker as erroneous as a matter of law.

In order to resolve this appeal we must choose between two recent decisions: *Roberts v Posey,* 386 Mich 656; 194 NW2d 310 (1972), and *Ensign v Crater,* 41 Mich App 477; 200 NW2d 341 (1972), *appeal dismissed with prejudice by stipulation,* 389 Mich 791 (1973). In *Roberts,* 386 Mich at 664; 194 NW2d at 314, the Michigan Supreme Court overruled *Merritt v Huron Motor Sales, Inc,* 282 Mich 322; 276 NW 464 (1937), and held that "[t]he presumption that a motor vehicle, taken with the permission of its owner, is thereafter being driven with his express or implied consent or knowledge

is not overcome by evidence that the driver has violated the terms of the original permission". In *Roberts* the individual who borrowed another's car was involved in an accident while operating the car past the hour stipulated for its return. In *Ensign* a father loaned a car to his daughter with explicit instructions that no one else drive it. The daughter allowed her boyfriend to drive the car, and, while he was doing so negligently, the car was involved in a serious accident. A panel of this Court found *Ensign* to be "factually distinguishable" from *Roberts* and refused to apply the principle of law enunciated in the latter case. Obviously, plaintiff bases his appeal on *Roberts v Posey, supra,* while defendant Strecker bases her response on *Ensign v Crater, supra.*

We concede that *Ensign* and the instant case are "factually distinguishable" from *Roberts.* Different instructions were disregarded by the borrower in each case. However, in light of the rationale underlying the decision in *Roberts,* we cannot agree that that factual difference is significant. In *Roberts, supra,* 386 Mich at 662; 194 NW2d at 312, our Supreme Court interpreted the civil liability act to place upon the owner of an automobile liability for any injury or damage caused by the improper use of his car, even when operated by another in blatant disregard of explicit instructions, because, as the person with ultimate control of the vehicle, the owner, by entrusting his car to another, began the chain of events which resulted in injury or damage. The specifics of any limitations imposed by the owner are irrelevant to the statute's effectuation of its purpose. Whatever the limitations, once the owner has turned his keys over to another, he is powerless to enforce those limitations. Several thousand pounds of steel are being moved

upon the public highway because the owner consented thereto. Even if the individual who borrowed the car has deviated from his instructions, the car is being operated on the highway because the owner consented thereto. If the car is involved in an accident, the owner is liable because of that consent.

Reversed and remanded for entry of judgment against defendant Strecker. Costs to plaintiff.

VAN VALKENBURG, J., concurred.

BRONSON, J., *(concurring)*. I write separately because I concurred in *Ensign v Crater,* 41 Mich App 477; 200 NW2d 341 (1972), *appeal dismissed with prejudice by stipulation,* 389 Mich 791 (1973). Although the situation in *Ensign, supra,* is factually distinguishable[1] from that in *Roberts v Posey,* 386 Mich 656; 194 NW2d 310 (1972), a closer reading of the policy expressed by the Supreme Court in *Roberts* leads me to conclude that a different result would be required if *Ensign* were presently before us for decision.

Accordingly, based on the strong policies expressed in *Roberts,* I concur with my colleagues in the present decision and alter my position in *Ensign* to the extent it is inconsistent with the policies in *Roberts.*

---

[1] *Roberts, supra,* involved a permittee-driver who had exceeded the scope of the consent. *Ensign* involved a driver never given consent but operating with the permission of the first permittee who was in possession of the vehicle with the consent of the owner.