## COWAN v STRECKER

Docket No. 55905. Argued January 9, 1975 (Calendar No. 12).—Decided May 27, 1975.

Grace Strecker loaned her automobile to an acquaintance, Mrs. Shannon, with specific instructions that she not let anybody else drive her car. Mrs. Shannon disobeyed and permitted her son William to operate the vehicle without the owner's knowledge. While William Shannon was driving, an accident occurred in which plaintiff John Cowan sustained injuries. The Bay Circuit Court, John X. Theiler, J., entered a judgment of no cause of action because the borrower disobeyed the owner's instructions. The Court of Appeals, R. B. Burns, P. J., and Van Valkenburg, J. (Bronson, J., concurring), reversed and remanded for entry of judgment against defendant Strecker (Docket No. 15800). Defendant Strecker appeals. *Held:*

1. "Consent", as that term is used in the owner's civil liability act (MCLA 257.401; MSA 9.2101), must be construed to effectuate the policy of that act, that is, to place the risk of damage or injury upon the person who has the ultimate control of the vehicle. The essential consent is consent to the driving of the vehicle by others.

2. When an owner willingly surrenders control of his vehicle to others he "consents" to assumption of the risks attendant upon his surrender of control regardless of admonitions which would purport to delimit his consent.

3. The statutory purport of "consent" in the owners' civil liability act is a matter of law.

Affirmed.

52 Mich App 638; 218 NW2d 50 (1974) affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 595 *et seq.*

[2, 3] 7 Am Jur 2d, Automobiles and Highway Traffic § 304.

8 Am Jur 2d, Automobiles and Highway Traffic § 610.

Owner's statutory liability for negligent operation of automobile where he has consented to use by another and car is being driven by a third person. 147 ALR 875.

[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 22.

8 Am Jur 2d, Automobiles and Highway Traffic § 571 *et seq.*

1. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—CIVIL LIABILITY ACT
    —CONSTRUCTION.
    "Consent", as that term is used in the owners' civil liability act,
    must be construed to effectuate the policy of the act, that is, to
    place the risk of damage or injury upon the person who has the
    ultimate control of the vehicle and the essential consent is
    consent to the driving of the vehicle of others; thus, when an
    owner willingly surrenders control of his vehicle to others he
    "consents" to assumption of the risks attendant upon his
    surrender of control regardless of admonitions which would
    purport to delimit his consent (MCLA 257.401).

2. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—CIVIL LIABILITY ACT.
    The specifics of any limitations imposed by the owner of an
    automobile when he gives possession of the vehicle to another
    are irrelevant to the civil liability act's effectuation of its
    purpose, because whatever the limitations, once the owner has
    turned his car keys over to another, he is powerless to enforce
    those limitations (MCLA 257.401).

3. AUTOMOBILES—OWNERS' LIABILITY—CONSENT—DEVIATION.
    The owner of an automobile who had lent it to a borrower with
    explicit instructions that no one drive it but the borrower was
    liable under the civil liability act for an accident which occur-
    red while the automobile was being driven by the borrower's
    son contrary to the instructions (MCLA 257.401).

4. AUTOMOBILES—OWNERS' LIABILITY—CIVIL LIABILITY ACT—CONSENT.
    The statutory purport of "consent" in the owners' civil liability
    act is a matter of law (MCLA 257.401).

*Smith & Brooker, P. C.* (by *Carl H. Smith, Jr.*),
for plaintiff.

*Collison & Fordney, P. C.* (by *J. Michael Ford-
ney*), for defendant Strecker.

J. W. FITZGERALD, J. In this automobile negli-
gence action, tried before a judge, defendant owner
of the car which was involved in an accident
resulting in injury to plaintiff contends that liabil-
ity under the owners' civil liability act[1] is avoided
because there was no consent on her part to *use of*

---

[1] MCLA 257.401; MSA 9.2101.

*the vehicle by the injuring driver.* The trial court, on the basis of the particular facts present, found for defendant owner. The Court of Appeals reversed,[2] pointing out that a decision of that Court which would sustain the trial court resolution, *Ensign v Crater,* 41 Mich App 477; 200 NW2d 341 (1972), interpreting *Roberts v Posey,* 386 Mich 656; 194 NW2d 310 (1972), was in fact not reconcilable with the rationale of *Roberts.* Leave to appeal was granted to resolve the conflict between decisions of the Court of Appeals. We conclude *Roberts* will not sustain the *Ensign* interpretation and affirm the Court of Appeals.

I

The trial court found that defendant owner, Grace Strecker, had given her automobile to an acquaintance, Mrs. Shannon, with specific instructions that she not let anybody else drive her car. Mrs. Shannon proceeded to disobey the admonition and permitted her son William to operate the vehicle without Grace Strecker's knowledge. While William Shannon was driving, an accident occurred in which plaintiff sustained back injuries.[3]

The rights of plaintiff vis-a-vis defendant-owner Strecker depend upon construction of MCLA 257.401; MSA 9.2101, which states in pertinent part:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such

---

[2] 52 Mich App 638; 218 NW2d 50 (1974).

[3] William Shannon, while a named defendant, has taken no part in the proceedings upon appeal.

operation as the rules of the common law requires. The owner shall not be liable, however, *unless said motor vehicle is being driven with his or her express or implied consent or knowledge.* It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter or other immediate member of the family * * * ." (Emphasis supplied.)[4]

Able counsel below directed the trial court's attention to the decisions of this Court in *Roberts, supra,* and of the Court of Appeals in *Ensign, supra.* Cognizant of these cases, the judge concluded, after ascertaining the facts:

"It is [my] opinion that the final answer is that it will be outside the scope of the authority and that accordingly that when under the circumstances where the owner had expressly stated, 'Do not let anyone else drive,' that this was a valid limitation and that when it was breached, that it meant that the use was without her consent, * * * . [I]t is [my] finding that the Defendant Grace Platt Strecker would not be liable for reason of the fact that she is within the statutory exception."

## II

*Roberts* involved injury which occurred while a permittee was using a vehicle at a time subsequent to the time the owner had directed the vehicle's return. This Court, in overruling earlier decisions, found liability in view of the above-cited statutory language although express instructions of the owner had not been followed by the permittee and the owner had taken reasonable steps to

---

[4] The statutory presumption of knowledge of and consent to the use of a motor vehicle does not apply in the instant case because the motor vehicle was not being operated by a member of the family of defendant Strecker.

regain possession of the vehicle. In elaborating
upon the import of the "consent" limitation in the
statute the *Roberts* Court observed:

"It may be assumed that no auto owner gives consent
to another to have an accident with his car. In that
sense, every vehicle driven by someone other than the
owner, which becomes involved in a collision is being
driven outside the scope of the owner's consent.

"The statute absolves the owner from liability only
when the vehicle is being *driven* without his express or
implied consent or knowledge. The consent or knowl-
edge, therefore, refers to the *fact* of the *driving*. It does
not refer to the *purpose* of the driving, the *place* of the
driving, or to the *time* of the driving.

"The purpose of the statute is to place the risk of
damage or injury upon the person who has the ultimate
control of the vehicle.

"The owner who gives his keys to another, and per-
mits that person to move several thousand pounds of
steel upon the public highway, has begun the chain of
events which leads to damage or injury.

"The statute makes the owner liable, not because he
caused the injury, but because he permitted the driver
to be in a position to cause the injury.

"By common-law standards, this may be a remote,
rather than a proximate cause. But it is competent for
the legislature to declare a remote factor to be a proxi-
mate cause." *Supra,* 661–662.

In *Ensign v Crater, supra,* injury occurred when
a vehicle owner's daughter, in violation of instruc-
tions, permitted a friend to drive a vehicle and an
accident resulted. The Court of Appeals ordered
entry of judgment notwithstanding verdict in favor
of the vehicle owner. In so doing, that Court
distinguished *Roberts,* reasoning that the holding
in *Roberts* did not extend to cover the situation
where the driver was at no time given permission
by the owner to operate the vehicle. *Ensign* mis-

reads *Roberts. Roberts* indicates unequivocally that "consent", as that term is used in the owners' civil liability act, must be construed to effectuate the policy of the act—that is, "to place the risk of damage or injury upon the person who has the ultimate control of the vehicle". The essential consent is consent to the *driving* of the vehicle by others. *Cf. Kerns v Lewis,* 246 Mich 423; 224 NW 647 (1929). Thus, when an owner willingly surrenders control of his vehicle to others he "consents" to assumption of the risks attendant upon his surrender of control regardless of admonitions which would purport to delimit his consent. It must be so, or the statutory purpose would be frustrated. As the Court of Appeals, after summarizing the holding in *Roberts,* so well stated in resolving this case:

"The specifics of any limitations imposed by the owner are irrelevant to the statute's effectuation of its purpose. Whatever the limitations, once the owner has turned his keys over to another, he is powerless to enforce those limitations. Several thousand pounds of steel are being moved upon the public highway because the owner consented thereto. Even if the individual who borrowed the car has deviated from his instructions, the car is being operated on the highway because the owner consented thereto. If the car is involved in an accident, the owner is liable because of that consent."[5]

III

The trial court's construction of the language of MCLA 257.401; MSA 9.2101, resembles the erroneous construction in *Ensign.* In our view the Court of Appeals in this case properly found, given the findings of fact made by the trial court, that application of the meaning of this language as

[5] 52 Mich App 638, 641–642; 218 NW2d 50 (1974).

construed in *Roberts* requires reversal and entry
of judgment against defendant Strecker. To no
avail defendant Strecker contends that the trial
court's findings as to "consent" are conclusive
because they are findings of fact. While facts were
found by the trial court, the statutory purport of
"consent" in the owners' civil liability act is a
matter of law. The trial court erred in measuring.
ascertained facts against an erroneous legal stan-
dard.

Affirmed. Costs to appellee.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN,
and M. S. COLEMAN, JJ., concurred with J. W.
FITZGERALD, J.

SWAINSON, J., and the late Justice T. M. KAV-
ANAGH took no part in the decision of this case.