BIESZCK v AVIS RENT-A-CAR SYSTEM, INC

Docket No. 109992. Decided September 15, 1998. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court. Rehearing denied *post*, 1228.

Ronald and Susan Bieszck brought an action in the Wayne Circuit Court against Avis Rent-A-Car System, Inc., and Tyrone G. Hill, alleging liability under the owner's liability statute, 1985 PA 125, MCL 257.401(1); MSA 9.2101(1), for injuries suffered by Ronald Bieszck in an automobile accident. The vehicle that collided with the Bieszcks' was owned by Avis, rented by a Virdell Hill, and driven by Tyrone Hill without Avis' permission. Tyrone Hill was twenty-one at the time. The court, Paul S. Teranes, J., entered judgment on a jury verdict for Avis. The Court of Appeals, MACKENZIE, P.J., and NEFF and MARKEY, JJ., reversed, holding that the limitation in Avis' contract precluding anyone under twenty-five from driving a rental vehicle was insufficient, as a matter of law, to avoid the presumption that the vehicle was being driven with Avis' consent. 224 Mich App 295 (1997) (Docket No. 192794). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The operation of a motor vehicle by a person who is not a member of the owner's family gives rise to a rebuttable common-law presumption of consent that can be overcome only with positive, unequivocal, strong and credible evidence. In this case, the record presents positive, unequivocal, strong, and credible evidence that Avis did not consent to Tyrone Hill driving its car. Its rental contract clearly and unequivocally provided that the vehicle was not to be driven by anyone under twenty-five and there is no evidence in the record that would challenge the validity or applicability of the relevant contractual provision.

Reversed.

*Gary B. Perkins* for the plaintiffs-appellees.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), and *James R. Fletcher,* for the defendant-appellant.

PER CURIAM. This case presents an issue regarding the liability of a car-rental company for harm caused by a person who was driving its car without permission. The car-rental company prevailed in circuit court, but the Court of Appeals reversed, saying that the owner's liability statute is applicable in this factual setting. We reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

In early April 1991, a person named Virdell Hill rented a 1991 Pontiac from Avis. The "plain English" rental contract provided that the car was not to be driven by anyone under the age of twenty-five.[1]

Several days later, the car was involved in an automobile accident in Detroit. On that date, it was being driven by twenty-one-year-old Tyrone G. Hill. The relationship between Tyrone Hill and Virdell Hill cannot be determined from this record.

The accident occurred as Tyrone Hill was driving south on Hayes. He ran a red light at the intersection of Seven Mile Road and Hayes Road, and collided with a westbound vehicle driven by Ronald L.

---

[1] Who else may drive the car. Only my spouse, my employer or a regular fellow employee incidental to business duties or someone who appears at the time of rental and signs an additional driver form may drive the car but only with my prior permission. The other driver must be at least 25 years old and a capable and validly licensed driver. There may be a charge for each additional driver authorized to drive the car which charge is shown in box 42B on front unless prohibited by law covering this rental.

Bieszck. Although Mr. Bieszck did not seek immediate medical care, he says that he was seriously injured in the collision.

In January 1994, Mr. Bieszck and his spouse (whose claims are derivative) filed suit against Avis and Tyrone Hill. Mr. Hill was never served, and this litigation has thus focused on the claim against Avis.

The Bieszcks alleged that the rented Pontiac was being driven negligently, and that Avis was responsible because it owned the vehicle. The Bieszcks' claim against Avis was thus premised on the owner's liability statute, which provided:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to[1] observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires [sic]. The owner shall not be liable, however, unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family. [MCL 257.401(1); MSA 9.2101(1), as amended by 1988 PA 125.[2]]

---

[2] After the accident and the filing of the complaint, the Legislature amended MCL 257.401(1); MSA 9.2101(1). 1995 PA 98. With one exception that is not pertinent to this case, the changes in that subsection were stylistic. The 1995 statute also included these paragraphs:

> Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the

The case was tried in late 1995. Neither Virdell Hill nor Tyrone Hill testified.

The circuit court submitted to the jury, as a question of fact, the issue whether Tyrone Hill was driving with the express or implied consent or knowledge of Avis. The verdict sheet presented that issue as the first of several questions. Thus, when the jurors answered "No," they stopped, and did not go on to decide issues of negligence, comparative negligence, proximate cause, serious impairment of body function, damages, or loss of consortium. In accordance with the jury's verdict, the circuit court entered judgment for Avis.

The Bieszcks moved for judgment notwithstanding the verdict or for a new trial, but the circuit court denied the motion. The court also denied their motion for reconsideration.[3]

lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident. [MCL 257.401(3); MSA 9.2101(3), added by 1995 PA 98.]

A person engaged in the business of leasing motor vehicles as provided under subsection (3) shall notify a lessee that the lessor is liable only up to the maximum amounts provided for in subsection (3), and only if the leased motor vehicle was being operated by the lessee or other authorized driver or by the lessee's spouse, father, mother, brother, sister, son, daughter, or other immediate family member, and that the lessee may be liable to the lessor up to amounts provided for in subsection (3), and to an injured person for amounts awarded in excess of the maximum amounts provided for in subsection (3). [MCL 257.401(4); MSA 9.2101(4), added by 1995 PA 98.]

[3] In a subsequent order, the circuit court granted Avis' motion for reimbursement of costs and attorney fees resulting from the Bieszcks' rejection of a written offer to stipulate to the entry of judgment. MCR 2.405.

After the Bieszcks appealed to the Court of Appeals, the circuit court issued a supplemental opinion and order denying their request to certify to the Court of Appeals that it would be willing to grant a new trial on the basis of an unpublished decision of the Court of Appeals,[4] in which the Court declined to enforce an age restriction in a rental agreement.

The Court of Appeals reversed. 224 Mich App 295; 568 NW2d 401 (1997). Characterizing as "persuasive" its earlier decision in *Delaney v Burnett*, 63 Mich App 639; 234 NW2d 741 (1975), the Court of Appeals said that the age limitation in Avis' contract "was insufficient, as a matter of law, to avoid the presumption that the vehicle was being driven with Avis' consent." 224 Mich App 301-302.

Avis has applied to this Court for leave to appeal.

II

The modern understanding of the owner's liability statute stems from this Court's decisions in *Roberts v Posey*, 386 Mich 656; 194 NW2d 310 (1972), and *Cowan v Strecker*, 394 Mich 110; 229 NW2d 302 (1975).

In *Roberts*, a car was loaned for a short time and for a specific purpose. However, the borrower kept the vehicle much longer, ranged far beyond the limited errand for which he had been given the car, and, in the early morning hours of the following day, collided with another motorist. The injured motorist sued the owner of the loaned vehicle, but the circuit

---

[4] *Hill v Agency Rent-A-Car*, unpublished opinion per curiam, issued August 9, 1996 (Docket No. 176184).

court and the Court of Appeals[5] denied relief on the ground that the borrower had driven well beyond the scope of the permissive use. In reaching this conclusion, the circuit court relied on *Merritt v Huron Motor Sales, Inc*, 282 Mich 322; 276 NW 464 (1937).

In its unanimous *Roberts* opinion, this Court reversed the judgments of the circuit court and the Court of Appeals, and overruled *Merritt*. This Court emphasized that the question under the statute was whether the owner had given permission for the car to be driven:

> The *Merritt* case is poorly reasoned. It engrafts upon the statutory test of owner's liability, an element of conditional consent which the legislature has not provided.
>
> It may be assumed that no auto owner gives consent to another to have an accident with his car. In that sense, every vehicle driven by someone other than the owner, which becomes involved in a collision is being driven outside the scope of the owner's consent.
>
> The statute absolves the owner from liability only when the vehicle is being *driven* without his express or implied consent or knowledge. The consent or knowledge, therefore, refers to the *fact* of the *driving*. It does not refer to the *purpose* of the driving, the *place* of the driving, or to the *time* of the driving.
>
> The purpose of the statute is to place the risk of damage or injury upon the person who has the ultimate control of the vehicle.
>
> The owner who gives his keys to another, and permits that person to move several thousand pounds of steel upon the public highway, has begun the chain of events which leads to damage or injury.
>
> The statute makes the owner liable, not because he caused the injury, but because he permitted the driver to be in a position to cause the injury.

---

[5] 26 Mich App 95; 182 NW2d 33 (1970).

By common-law standards, this may be a remote, rather than a proximate cause. But it is competent for the legislature to declare a remote factor to be a proximate cause. [386 Mich 661-662 (emphasis in original).]

In *Cowan*, this Court faced a situation in which the owner loaned her car to an acquaintance, with a specific instruction that she not let anyone else drive the vehicle. The borrower disobeyed the command and permitted her son to drive the car. A collision occurred while he was driving. The circuit court granted judgment for the owner.

The Court of Appeals reversed the circuit court judgment in *Cowan*. It acknowledged that the judgment was consistent with an earlier decision, *Ensign v Crater*, 41 Mich App 477; 200 NW2d 341 (1972), but the Court reversed in the belief that *Ensign* could not be reconciled with *Roberts*. 52 Mich App 638; 218 NW2d 50 (1974).

In *Ensign*, parents loaned a car to their daughter for a specific period and purpose. She let her boyfriend drive on a separate venture, however, and he was involved in an accident. The Court of Appeals found the parents not liable on the basis of "positive, unequivocal, strong and credible evidence" that they had no knowledge that the boyfriend would drive, and had not given their consent. *Id.* at 482.

This Court affirmed the judgment of the Court of Appeals in *Cowan*, embracing a portion of the analysis given by the Court of Appeals in that case:

The specifics of any limitations imposed by the owner are irrelevant to the statute's effectuation of its purpose. Whatever the limitations, once the owner has turned his keys over to another, he is powerless to enforce those limitations. Several thousand pounds of steel are being moved

upon the public highway because the owner consented thereto. Even if the individual who borrowed the car has deviated from his instructions, the car is being operated on the highway because the owner consented thereto. If the car is involved in an accident, the owner is liable because of that consent. [52 Mich App 641-642, quoted at 394 Mich 115.]

This Court said that the circuit court's construction of the statute in *Cowan* "resembles the erroneous construction in *Ensign.*" *Id.*

After this Court decided *Roberts* and *Cowan,* the Court of Appeals issued *Delaney.* The Court stated the basic conflict:

The heart of the controversy involves the apparent conflict between two salutary purposes of the act. On one hand, the act contemplates that by withholding "express or implied consent or knowledge," an owner can avoid liability under the statute. American [Rent-A-Car Company] did about all an auto leasing company can reasonably do to keep its cars out of the hands of drivers under the age of 21. Its intent was to reduce the risk of loss by eliminating a statistically accident-prone group. Actuarially speaking, the unilateral act of Mr. Davis [who rented the car, and then loaned it to a twenty-year-old] increased the risk of accident. On the other hand the statute expresses a public policy which seeks to protect the motoring public against fiscally irresponsible tortfeasors. [63 Mich App 641.]

Quoting from *Cowan,* the Court of Appeals took the position that an owner who willingly surrenders control of a vehicle has consented to assume the risks that attend that surrender. The Court of Appeals continued:

The instant case differs from *Cowan* and *Roberts* only in that here the limitation is in writing. To elevate that difference to a distinction of decisional importance would be at

odds with the rationale of those cases. We hold that the restriction was invalid, that reducing the admonition to writing does not alter the effect of *Cowan* and *Roberts*. The presumption of consent is a nearly irrebuttable presumption where the keys to the vehicle are voluntarily passed from hand to hand. [63 Mich App 642.]

Notwithstanding the expansive manner in which the statute was applied in *Cowan* and *Roberts*, the presumption of consent is not without bounds. *Fout v Dietz*, 401 Mich 403; 258 NW2d 53 (1977), dealt with a situation in which a car was being driven by a person who was a close friend of the owner, but not a member of his family. Thus there was no statutory presumption of consent. However, the rebuttable common-law presumption of consent remained applicable.

In the early hours of a September 1973 morning, the two friends in *Fout* returned to the owner's house following an evening of drinking. After the owner fell asleep, his friend took the car keys despite the owner's instruction that no one else drive the vehicle. While on his way to get some food, the friend struck and killed a motorist who was outside a disabled vehicle.[6]

The motorist's surviving spouse brought suit, and the circuit court entered judgment in her favor. The Court of Appeals reversed. 75 Mich App 128; 254 NW2d 813 (1977).

---

[6] The facts of *Fout* are not outlined in this Court's opinion. However, this Court, 401 Mich 405, adopted the factual account provided by the Court of Appeals. 75 Mich App 129-131, 134-136.

The circuit court had incorrectly applied the statutory presumption of consent,[7] and the Court of Appeals had responded by erroneously stating that no initial presumption of consent was applicable. This Court issued its *Fout* opinion in order to clarify that "[t]he operation of a motor vehicle by one who is not a member of the family of the owner gives rise to a rebuttable common-law presumption that the operator was driving the vehicle with the express or implied consent of the owner." 401 Mich 405.

In the circumstances of *Fout*, however, this Court found that the common-law presumption of consent had been clearly rebutted.

> We agree with the Court of Appeals analysis of the testimony and with that Court's conclusions as drawn from the facts extant in this particular case that the testimony adduced below clearly rebutted the common-law presumption that the vehicle in question was being operated with the express or implied consent of the owner at the time of the fatal accident. The trial court clearly erred in concluding that the automobile in question was driven by defendant Dietz with the consent of the owner (defendant Bedrow). GCR 1963, 517.1; *Tuttle v Department of State Highways*, 397 Mich 44; 243 NW2d 244 (1976). Accordingly, the Court of Appeals reached the correct result, and we affirm. [401 Mich 406-407.]

### III

As indicated above, the operation of a motor vehicle by a person who is not a member of the owner's family gives rise to a rebuttable common-law pre-

---

[7] The statutory presumption applies only when the vehicle is being driven by a member of the owner's family. *Fout*, 401 Mich 405, n 2.

sumption of consent.[8] *Fout*, 401 Mich 405; *Caradonna v Arpino*, 177 Mich App 486, 489; 442 NW2d 702 (1989). However, the existence of a presumption does not shift the ultimate burden of proof. MRE 301.[9]

In its 1972 *Ensign* decision, the Court of Appeals concluded that the common-law presumption (or the statutory presumption) can be overcome only with "positive, unequivocal, strong and credible evidence."[10] 41 Mich App 481-483. Such a high threshold satisfies the legislative purpose underlying the statute and helps promote public safety.[11] Yet, as demonstrated by *Fout*, the presumption is not conclusive.

Mindful of the broad manner in which the owner's liability statute is to be applied, we nevertheless must conclude that the record of this case presents "positive, unequivocal, strong and credible evidence" that Avis did not consent to Tyrone Hill driving its car. The plain English contract was clear and unequivocal, and there is no evidence in the record that would challenge the validity or applicability of the relevant contractual provision. To hold Avis liable under the stat-

---

[8] Where the events of a case remain in dispute, they are to be resolved by the finder of fact. However, where the facts have been determined, "the statutory purport of 'consent' in the owners' civil liability act is a matter of law." *Cowan*, 394 Mich 116.

[9]    In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

[10] This standard for rebutting a presumption has also been applied in other contexts. *Zeni v Anderson*, 397 Mich 117, 134; 243 NW2d 270 (1976).

[11] In *Roberts*, we wrote of "the erroneous construction [of the statute] in *Ensign*." 394 Mich 115. In that respect, we were addressing the conclusion reached in *Ensign*.

ute, notwithstanding the clear language of the contract, would be to render the common-law presumption *ir*rebuttable.[12]

For these reasons, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.[13] MCR 7.302(F)(1).

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, WEAVER, KELLY, and TAYLOR, JJ., concurred.

---

[12] The presumption exists because of the common difficulty in determining the issue of consent. However, this difficulty does not arise where the issue of consent is controlled by enforceable and unchallenged contract language.

[13] To the extent that it is inconsistent, we overrule *Delaney*. Our reinstatement of the judgment of the circuit court does not imply approval of the decision by the trial court, on undisputed facts, to submit to the jury the question whether those facts constituted "consent" under the statute.