*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIARA MYERS,

　　　　　Plaintiff-Appellant,

v

ENTERPRISE LEASING COMPANY OF DETROIT, LLC, doing business as ENTERPRISE RENT-A-CAR, and MICHIGAN ASSIGNED CLAIMS PLAN,

　　　　　Defendants-Appellees.

UNPUBLISHED
October 17, 2019

No. 343325
Wayne Circuit Court
LC No. 16-012240-NF

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants, Enterprise Leasing Company of Detroit, LLC (Enterprise) and the Michigan Assigned Claims Plan (MACP). Plaintiff contends on appeal that the trial court erred in determining that her use of a rented motor vehicle constituted an "unlawful taking" under MCL 500.3113(a) such that she was not entitled to personal protection insurance (PIP) benefits. We disagree and affirm.

"The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 339; 830 NW2d 428 (2012). Summary disposition pursuant to MCR 2.116(C)(10) is appropriate where, "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A (C)(10) motion considers documentary evidence and "tests the *factual* sufficiency of the complaint." *Dalley v Dykema Gossett*, 287 Mich App 296, 304 n 3; 788 NW2d 679 (2010), citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing the motion, "this Court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). This Court also "reviews de novo the interpretation of a statute." *McLean v McElhaney*, 289 Mich

App 592, 596; 798 NW2d 29 (2010), citing *Manske v Dep't of Treasury*, 282 Mich App 464, 468; 766 NW2d 300 (2009).

Plaintiff primarily contends that the facts in evidence do not support a finding that she unlawfully took the vehicle at issue, or at the very least, that genuine issues of material fact exist. We disagree.

MCL 500.3113 provides, in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was using a motor vehicle or motorcycle which he or she had taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully. [MCL 500.3113(a) as amended by 2014 PA 489.][1]

"When applying § 3113(a), the first level of inquiry will always be whether the taking of the vehicle was unlawful. If the taking was lawful, the inquiry ends because § 3113(a) does not apply." *Henry Ford Health Sys v Esurance Ins Co*, 288 Mich App 593, 599; 808 NW2d 1 (2010) (quotation marks and citation omitted). Where there is an unlawful taking, the next step in the analysis is to determine whether the claimant "knew or should have known that the motor vehicle . . . was taken unlawfully." MCL 500.3113(a). The statute does not apply if, although an unlawful taking and use occurred, the claimant did not know and did not have reason to know that the taking was unlawful. MCL 500.3113(a). See also *Rambin v Allstate Ins Co*, 495 Mich 316, 327, 336; 852 NW2d 34 (2014).

The parties agree that, central to the resolution of the issue in this case is the application of our Supreme Court's decision in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012). In *Spectrum*, our Supreme Court unequivocally held "that any person who takes a vehicle contrary to a provision of the Michigan Penal Code—including MCL 750.413 and MCL 750.414, informally known as the "joyriding" statutes—has taken the vehicle unlawfully for purposes of MCL 500.3113(a)." *Spectrum*, 492 Mich at 509. Plaintiff makes various arguments as to why *Spectrum* should not control in this case, including an argument that this case does not implicate the joyriding statutes. However, plaintiff fails to explain why the joyriding statutes do not apply, and under the circumstances, it is clear from the facts in evidence that either statute could have applied.

MCL 750.413 provides:

---

[1] MCL 500.3113 has since been amended to add the condition that the claimant must "willingly" use or operate the vehicle that was unlawfully taken. MCL 500.3113(a) as amended by 2019 PA 21. References to the statute throughout are to the version effective at the time of plaintiff's accident.

Any person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years.

MCL 750.414 provides, in pertinent part.

Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who is a party to such unauthorized taking or using, is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $1,500.00.

In *Spectrum*, our Supreme Court noted that both statutes "effectively define[] an unlawful taking of a vehicle as that which is unauthorized." *Spectrum*, 492 Mich at 518. And, with respect to authorization:

The "authority" referred to in the joyriding statutes is obviously the authority of the owner of the vehicle. Accordingly, for purposes of MCL 500.3113(a), a vehicle is "unlawfully taken" if it is taken without the authority of its owner. See *Farmers Ins Exch v Young*, 489 Mich 909, 796 NW2d 470 (2011) (MARKMAN, J., concurring) ("[MCL 500.3113(a)] requires a threshold determination that a vehicle was 'unlawfully taken' from its owner."). [*Id*. at 518 n 25 (alteration in original).]

Specifically within the context of MCL 500.3113(a), our Supreme Court further described what may constitute an unlawful taking based upon the joyriding statutes:

The phrase "without authority" along with the terms "take" and "use" all plainly have expansive meanings. "Authority" in this context refers to the "right to control, command or determine." *Random House Webster's College Dictionary* (1996). "Take" means "to get into one's hands or possession by voluntary action." *Id*. "Use" means "to employ for some purpose." *Id*. By themselves, these terms all contemplate voluntary and knowing conduct on the part of the accused. [*People v*] Tombs, 472 Mich [446,] 457[; 697 NW2d 494 (2005)]. [*Rambin*, 495 Mich at 332.]

"Because a taking does not have to be larcenous to be unlawful, the phrase "taken unlawfully" in MCL 500.3113(a) applies to anyone who takes a vehicle without the authority of the owner . . . ." *Spectrum*, 492 Mich at 518.

It is undisputed that plaintiff took possession of Enterprise's vehicle and caused it to be driven away, and what is more, not only did plaintiff take possession of the vehicle with the

-3-

explicit understanding that she was not authorized to drive it,[2] but plaintiff caused the vehicle to be possessed and driven by her unlicensed boyfriend, Demarcus Moore. There is absolutely no evidence that Moore was authorized nor that plaintiff had any reason to believe that Moore was authorized by the owner of the vehicle to drive it. Thus, at the very least, plaintiff was a party to Moore's unauthorized taking and using of the vehicle contrary to both MCL 750.413 and MCL 750.414, and under *Spectrum*, that is sufficient to constitute an unlawful taking within the meaning of MCL 500.3113(a). See MCL 750.413; MCL 750.414; *Spectrum*, 492 Mich at 527 ("[A]ny person who takes a vehicle contrary to . . . MCL 750.413 and MCL 750.414 . . . has taken the vehicle unlawfully within the meaning of MCL 500.3113(a).").

Plaintiff makes a number of additional arguments attempting to distinguish *Spectrum*. Plaintiff contends that *Spectrum* should be limited to its facts, noting that the case involved two consolidated cases wherein the no-fault claimants and vehicle owners were family members. Plaintiff argues that *Spectrum* effectively held for the first time that family members that take a vehicle without permission from the owner may be precluded from recovering benefits under MCL 500.3113(a), and that *Spectrum*'s holding should be limited to that factual scenario. However, it simply does not logically follow that, because *Spectrum* involved family joyriding, the explicit and very clear rule that came from the case can only apply to other cases that involve family joyriding. Our Supreme Court broadly held in *Spectrum* that individuals that take vehicles contrary to provisions of the Michigan Penal Code have also taken the vehicles unlawfully within the meaning of MCL 500.3113(a). *Spectrum*, 492 Mich at 537. Plaintiff has given no reason why that rule should not apply in cases in which the no-fault claimant and the owner of the unlawfully taken vehicle are not family members.

Plaintiff also argues that, in *Spectrum*, the claimant was "expressly forbidden" from using the vehicle that was involved in the accident by the vehicle's owner, and that no such express prohibition exists in this case. Plaintiff does not consider the rental agreement—which explicitly provided that *only* plaintiff's mother was authorized to drive the vehicle—as an express prohibition, instead contending that reliance on the rental agreement would make this case about a contract dispute between Enterprise and plaintiff's mother. Plaintiff contends that a private contract dispute between Enterprise and a third party cannot interfere with plaintiff's rights under the no-fault act. This argument is somewhat confusing. Plaintiff does not fully explain why a contract between Enterprise and plaintiff's mother cannot serve as notice to plaintiff that she was prohibited from driving Enterprise's vehicle, particularly where plaintiff testified that she was aware of the contract *and* aware that it only authorized her mother to drive the vehicle.

Plaintiff quotes *Cowan v Strecker*, 394 Mich 110, 115; 229 NW2d 302 (1975), noting that rental contracts cannot serve to make a taking unlawful because "[w]hatever limitations" an owner places on a vehicle become meaningless "once the owner has turned his keys over to another." However, while plaintiff characterizes *Cowan* as a "directly on-point opinion," we note that the case is referencing the owner's civil liability act, MCL 257.401. *Id*. at 112.

---

[2] Plaintiff testified at her deposition that she understood that only her mother was authorized to drive the vehicle.

Forgetting that *Spectrum* expressly disavowed "analogizing the owner's liability statute to the no-fault act," *Spectrum*, 492 Mich at 522, *Cowan* is speaking to the circumstances in which an *owner* can be said to have "consented" to a taking, and not in which a *driver* can be said to have "unlawfully taken," see *id*. (explaining that, unlike the owner's liability statute, which examines whether an owner consented to a taking *from the owner's perspective*, the no-fault act requires examining "the legality of the taking from the *driver's* perspective").

In short, this case is not about application of the owner's liability statute; it is about the no-fault act. The no-fault act excludes from coverage claimants that are injured after taking and using a vehicle that they know was taken unlawfully. MCL 500.3113(a). Whether a prohibition from taking a vehicle comes from a statement from a father to a son—as in *Spectrum*—or from a provision in a rental agreement, as in this case, plaintiff has provided no relevant authority to support the idea that a contract provision cannot serve as an express prohibition against taking a vehicle for the purposes of MCL 500.3113(a).[3] And, to the extent that plaintiff now argues that she was unaware of the provision in the rental agreement that prohibited her from taking the vehicle, we note plaintiff's explicit statement at her deposition that she understood that *only her mother* was authorized to drive the vehicle. In light of that statement, plaintiff simply cannot argue that she did not know or did not have reason to know that the taking was unlawful.

Finally, plaintiff relies on *Monaco v Home Owners Ins Co*, 317 Mich App 738; 896 NW2d 32 (2016), to form the basis of her argument that, in this case, the trial court effectively gutted the meaning of "unlawfully taken" and replaced that phrase with "unlawfully used." The suggestion is that the trial court based its ruling on the fact that Moore was not legally permitted to drive, and that the trial court equated Moore's unlawful "use" of the vehicle with the unlawful "taking" required by the no-fault act. Plaintiff contends that this was an impermissible broadening of the no-fault statute. We disagree with plaintiff's characterization of the trial court's ruling, but regardless, we also fail to understand how *Monaco* applies.

In *Monaco*, a 15-year-old driver that was not legally authorized to drive by herself was injured in an accident and sought no-fault benefits. *Id*. at 744. The issue in that case became whether the driver had permission from the owner of the vehicle—her mother—to be driving the

---

[3] Enterprise's rental agreement is clear that *only* plaintiff's mother was authorized to drive the vehicle:

> 4. Limits on Use and Termination of Right to Use
>
> a. Renter agrees to the following limits on use:
>
> (1) Vehicle shall not be driven by any person other than Renter or [Additional Authorized Drivers] without Owner's prior written consent.

Plaintiff did not assert below nor has she asserted on appeal that either plaintiff or Moore were listed as additional authorized drivers.

vehicle at the time of the accident. *Id*. A jury determined that the driver *did* have permission, and based upon that conclusion, this Court held that the driver did not unlawfully *take* the vehicle within the meaning of MCL 500.3113(a). *Id*. at 748-749. In making its ruling, this Court noted that that there is a difference between "unlawfully *taking* a motor vehicle and unlawfully *using* a vehicle," and only the former is relevant for the purposes of determining whether an unlawful taking occurred under MCL 500.3113(a). *Id*. at 749 (emphasis added), citing *Rambin*, 495 Mich at 331.[4] The case at hand is not one in which the claimant was given permission from the owner of the vehicle to take the vehicle, and quite contrarily, the plaintiff in this case explicitly understood that she *did not* have permission.

Accordingly, this case is not similar to *Monaco*. Our opinion is not based on the fact that Moore did not have a driver's license and was not legally permitted to drive the vehicle; it is based on the fact that neither Moore nor plaintiff had permission from the owner of the vehicle to take that vehicle. The evidence in this case leaves no doubt that an unlawful taking occurred, and the limited relevance of the fact that plaintiff knew Moore to be legally unauthorized to drive is that it shows that she had no reason to believe that the taking and use of Enterprise's vehicle was lawful. See *Spectrum*, 492 Mich at 518 n 25. In short, the evidence establishes that plaintiff unlawfully took and used the motor vehicle in question, *and* that she had no reason to believe that the taking was lawful. MCL 500.3113(a) thus applies to preclude plaintiff from recovering PIP benefits under the no-fault act. Having concluded that plaintiff is not entitled to PIP benefits, we need not address the alternative grounds for partial affirmation raised in the MACP's brief on appeal.

Affirmed.

/s/ Karen M. Fort Hood
/s/ David H. Sawyer

---

[4] The Court also noted that whether an unlawful use occurred may be relevant to the second part of the inquiry under MCL 500.3113(a): whether the claimant did not know or did not have reason to know that the taking was unlawful. *Monaco*, 317 Mich App at 749. Indeed, our Supreme Court noted in *Spectrum* that "driving while legally unable may have implications under MCL 500.3113(a) for a person who *has* taken a vehicle unlawfully because as a matter of law, one cannot reasonably believe that he or she is entitled to use a vehicle when the person knows that he or she is unable to legally operate the vehicle." *Spectrum*, 492 Mich at 518 n 25 (quotation marks and citation omitted).